# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| JOAN P. PRESTON | : | CIVIL ACTION |
| --- | --- | --- |
| | : | |
| | : | NO.: 17-820 |
| v. | : | |
| | : | |
| | : | |
| VANGUARD INVESTMENT FIRM, | : | |
| *et al.* | : | |

**KEARNEY, J.**                                                                                                            **MAY 3, 2017**

## MEMORANDUM

A plaintiff disappointed in a judge's ruling may timely appeal. She cannot sue the judge acting in his official capacity because she wants to reverse his decision. Judges acting in their official capacity are absolutely immune from suit. Upon considering the United States' uncontested Statement of Interest, we dismiss all of the *pro se* plaintiff's claims against a federal District Judge who granted summary judgment against her.

### I. Facts

In December 2014, *pro se* Plaintiff Joan Preston ("Mrs. Preston") sued her former employer The Vanguard Group, Inc. ("Vanguard") claiming discrimination and retaliation on the basis of age and race in violation of the Age Discrimination in Employment Act, Title VII of the Civil Rights Act, and the Pennsylvania Human Relations Act. Attorney David Koller represented Mrs. Preston in the action, styled as *Joan Preston v. The Vanguard Group, Inc.*, C.A. No. 14-7243 (the "Earlier Action"). The law firm of Klehr Harrison Harvey Branzburg LLP ("Klehr Harrison") represented Vanguard in the Earlier Action.

On November 30, 2015, after oral argument, the Honorable Gerald J. Pappert issued a Memorandum and Order granting Vanguard's Motion for summary judgment.[1] Mrs. Preston did not appeal from the summary judgment order entered in the Earlier Action. Instead, over fourteen months later, she sued Vanguard, her former attorney David Koller, Klehr Harrison, and Judge Pappert. Mrs. Preston is dissatisfied with the outcome of the Earlier Action and, among other demands for relief, asks we "overturn Judge Pappert's order" and "have the order of [Judge Pappert] reversed in [her] favor."[2]

On March 27, 2017, the United States filed a Statement of Interest under 28 U.S.C. § 517 seeking the dismissal of claims against the judge. Mrs. Preston does not oppose.

## II. Analysis

The United States moves under 28 U.S.C. § 517[3] asserting its interest in "the orderly administration of justice, and the absolute immunity of judges and court personnel from personal liability for acts take in the performance of their judicial duties." The United States seeks dismissal under Fed.R.Civ.P. 12(b)(6),[4] arguing Mrs. Preston's complaint fails to state a claim against the Judge and even if she states a claim, absolute judicial immunity bars any such claims.

### A. The Judge is immune from suit.

Mrs. Preston takes issue with the Judge's November 30, 2015 summary judgment decision, complaining "many of [the Judge's] documentation does not line up with my deposition" and "[a]t the initial fact finding meeting I was invited to the courthouse but not allowed in the court room . . . [t]he meeting was between Dave Koller, Judge Gerald J. Pappert and Paul Nofer Vanguard's defense attorney."[5]

2

"A judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts."[6] "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'"[7]

Judicial immunity is overcome in only two circumstances: (1) "a judge is not immune from liability for nonjudicial actions"; and (2) "a judge is not immune from actions, though judicial in nature, taken in the complete absence of all jurisdiction."[8] With regard to the first circumstance, "whether an act by a judge is a 'judicial' one relate[s] to the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity."[9] As to the second circumstance, "we must distinguish between acts in the 'clear absence of all jurisdiction,' which do not enjoy the protection of absolute immunity, and acts that are merely in 'excess of jurisdiction,' which do enjoy that protection."[10]

We read Mrs. Preston's complaint regarding the Judge's "documentation" not "lin[ing] up with" her deposition as a challenge to his assessment of the summary judgment record. Mrs. Preston's second complaint relates to her allegation she was excluded from "the initial fact finding meeting" held with her attorney, Vanguard's counsel, and Judge Pappert. It is unclear what meeting Mrs. Preston refers to, although we assume, as does the United States, she refers to the parties' Rule 16 Pretrial Conference.[11] Both actions fall within judicial action and not "in the clear absence of all jurisdiction." Having elected not to respond to the United States' Statement of Interest, Mrs. Preston does not argue why judicial immunity should not apply to the Judge. Because neither exception to judicial immunity applies, the Judge is immune from suit.

3

## III. Conclusion

We find Mrs. Preston failed to plead facts establishing Judge Pappert acted outside his judicial capacity or acted absent jurisdiction. The Judge is judicially immune from suit. In the accompanying Order we dismiss Mrs. Preston's claims against Judge Pappert with prejudice.

---

[1] C.A. No. 14-7243 at ECF Doc. Nos. 39, 40. Judge Pappert also heard oral argument on Mrs. Preston's pending Motion for leave to file a second amended complaint. *See* ECF Doc. No. 35. Judge Pappert denied Mrs. Preston's Motion in a separate Order entered November 30, 2015 (ECF Doc. No. 38) and incorporated his analysis in the Memorandum addressing Vanguard's Motion for summary judgment (ECF Doc. No. 39).

[2] Complaint at Section V. Relief (ECF Doc. No. 1 at page 4); February 22, 2017 letter at page 1 (ECF Doc. No. 1-1).

[3] Section 517 provides: "[t]he Solicitor General, or any officer of the Department of Justice, may be sent by the Attorney General to any State or district in the United States to attend to the interests of the United States in a suit pending in a court of the United States . . .."

[4] In analyzing a motion to dismiss under Fed.R.Civ.P. 12(b)(6), we apply the well-settled standard. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Edinboro Coll. Park Apartments v. Edinboro Univ. Found.*, 850 F.3d 567, 572 (3d Cir. 2017) (quoting *In re Vehicle Carrier Serv. Antitrust Litig.*, 846 F.3d 71, 79 n.4 (3d Cir. 2017)). A claim satisfies the plausibility standard when the facts alleged "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Maiden Creek Assocs., L.P. v. U.S. Dep't of Transp.*, 823 F.3d 184, 189 (3d Cir. 2016) (quoting *Ascroft v. Iqbal*, 556 U.S. 662, 678 (2009)). While the plausibility standard is not "akin to a 'probability requirement,'" there nevertheless must be more than a "sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

The Court of Appeals requires a three-step analysis under a 12(b)(6) motion: (1) "it must 'tak[e] note of the elements [the] plaintiff must plead to state a claim;'" (2) "it should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth;'" and, (3) "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Connelly v. Lane Construction Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (quoting *Iqbal*, 556 U.S. at 675, 679).

[5] Complaint at Section III. Statement of Claim (ECF Doc. No. 1 at page 3); February 22, 2017 letter at page 2 (ECF Doc. No. 1-1).

---

[6] *Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006) (citing *Mireles v. Waco*, 502 U.S. 9, 12 (1991)).

[7] *Id.* (quoting *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (citation omitted)).

[8] *Mireles*, 502 U.S. at 11-12 (citing *Forrester v. White*, 484 U.S. 218, 227-29 (1988); *Stump*, 435 U.S. at 356-57; *Bradley v. Fisher*, 13 Wall. 335, 351, 20 L.Ed 646 (1872)).

[9] *Stump*, 435 U.S. at 362.

[10] *Gallas v. Supreme Court of Pennsylvania*, 211 F.3d 760, 768 (3d Cir. 2000) (citing *Stump*, 435 U.S. at 356 n.6).

[11] The docket in the Earlier Action reflects a pretrial conference held on May 13, 2015 and oral argument on Vanguard's Motion for summary judgment and Mrs. Preston's Motion for leave to file a second amended complaint held on November 17, 2015. No other conferences or argument are reflected on the docket.