IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOAN P. PRESTON | : | CIVIL ACTION |
| | : | |
| | : | NO. 17-820 |
| v. | : | |
| | : | |
| | : | |
| VANGUARD INVESTMENT FIRM, | : | |
| *et al.* | : | |

KEARNEY, J.                                                                                                        MAY 25, 2017

## MEMORANDUM

Disappointed with a November 30, 2015 Order dismissing a case against her former employer, Joan Preston again sues her former employer and, this time, also sues the attorneys who represented her and her former employer. In the accompanying Order, we grant the motion of her former attorney, David M. Koller, and dismiss all claims against him and deny Ms. Preston's request for appointment of counsel.

### I. Background

#### A. December 22, 2014 Complaint

Ms. Preston first sued her former employer The Vanguard Group, Inc. ("Vanguard") on December 22, 2014 claiming age and race discrimination and retaliation in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), Title VII of the Civil Rights Act of 1964 ("Title VII"), and the Pennsylvania Human Relations Act ("PHRA").[1] Attorney David Koller represented Ms. Preston and the law firm of Klehr Harrison Harvey Branzburg LLP represented Vanguard.

Before filing her December 2014 Complaint, Ms. Preston filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), dual filed with the Pennsylvania Human Relations Commission ("PHRC"), alleging race and age discrimination and retaliation against Vanguard.[2] The EEOC issued a right-to-sue letter on September 24, 2014.[3]

Ms. Preston filed an Amended Complaint on March 24, 2015 alleging discrimination based on race in violation of Title VII and the PHRA, retaliation in violation of Title VII and the PHRA, discrimination based on age in violation of ADEA and the PHRA, retaliation in violation of ADEA and the PHRA, and race discrimination and retaliation under 42 U.S.C. § 1981.[4] On November 30, 2015, the Honorable Gerald J. Pappert granted summary judgment in favor of Vanguard on all claims in the Amended Complaint. Ms. Preston did not appeal.

### B. February 22, 2017 Complaint

Instead of a timely appeal, Ms. Preston filed this action on February 22, 2017, again suing Vanguard as well as Judge Pappert,[5] Mr. Koller, and Vanguard's law firm, Klehr Harrison Harvey Branzburg LLP., alleging discrimination based on race, age, and religion.[6] Ms. Preston repeated the same race and age discrimination allegations against Vanguard based on the same facts as the earlier action, again alleging actions taken by Vanguard employees to harass and discriminate against her resulting in her termination.[7] Ms. Preston alleges religious discrimination, accusing Vanguard of reprimanding her for listening to Christian music on a headset while at work and alleging ""gospel tracks" were moved on her work desk[8]

In addition to her employment discrimination and retaliation claims against Vanguard, Ms. Preston takes issue with Attorney Koller's representation in the December 2014 action. In a letter attached to her Complaint, Ms. Preston alleges Mr. Koller's law firm represented her in the

2

earlier action; Mr. Koller failed to retrieve surveillance videos for her defense, failed to call two witnesses to testify on her behalf in the earlier action, and failed to object to questions posed to Ms. Preston during her deposition; Mr. Koller accepted a "fee" from Vanguard instead of defending her and offered her a portion of the "fee"; and when another attorney, John Krawczyk, "left Koller Law, things changed related to my case."[9] Ms. Preston asks us to "remove" Mr. Koller's "claim for $1,349.75."[10]

## II. Analysis

Attorney Koller moves to dismiss Ms. Preston's complaint under Fed.R.Civ.P. 12(b)(1) arguing we lack subject matter jurisdiction and under Fed.R.Civ.P. 12(b)(6) for failure to state a claim against him.[11] Ms. Preston did not respond to Mr. Koller's motion.

### A. We dismiss claims against Attorney Koller under Federal Rule of Civil Procedure 12(b)(6).

Mr. Koller moves to dismiss Ms. Preston's claims against him, arguing the complaint fails to state a claim for discrimination against him.

Ms. Preston's current complaint seeks to re-litigate her employment claims against Vanguard. Her letter appended to her *pro se* complaint details alleged harassment experienced while working at Vanguard because of her race, age, and religion. The nature of Ms. Preston's claims against Mr. Koller are unclear, but whatever her claims against Mr. Koller, they are not based on discrimination and appear to revolve around her dissatisfaction with his representation in the earlier action.

Under the well-established motion to dismiss standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[12] Ms. Preston's complaint fails to plead facts stating claim plausible on its face for discrimination against Mr. Koller. While *pro se* pleadings, "however inartfully pleaded, must be

3

held to less stringent standards than formal pleadings drafted by lawyers . . . *pro se* litigants still must allege sufficient facts in their complaints to support a claim."[13]

Mr. Koller seeks dismissal of Ms. Preston's claims with prejudice. Federal Rule of Civil Procedure 15(b), directs we "should freely give leave when justice so requires" and our Court of Appeals recognizes the Rules "express preference for liberally granting leave to amend."[14] We accordingly dismiss Ms. Preston's claims against Mr. Koller without prejudice to articulate a cognizable claim against him.

### B. We deny Ms. Preston's request for appointment of counsel

Ms. Preston requests appointment of counsel under 42 U.S.C. § 2000e-5.[15] We deny her request without prejudice as her complaint, as now pleaded, lacks merit.

### III. Conclusion

We dismiss Ms. Preston's claims under Federal Rule of Civil Procedure 12(b)(6) as to Attorney Koller without prejudice.

---

[1] *Preston v. The Vanguard Group, Inc.*, No. 14-7243 (E.D. Pa. Dec. 22, 2014), ECF Doc. No. 1.

[2] *Id.* at ¶¶ 16-17.

[3] *See* EEOC Dismissal and Notice of Rights attached as Exhibit "B" to C.A. No. 14-7243.

[4] *See* Amended Complaint in C.A. No. 14-7243, ECF Doc. No. 9.

[5] Our May 3, 2017 Order dismissed Judge Pappert. *See* ECF Doc. No. 12.

[6] *See* ECF Doc. No. 1, § II.B. "Basis of Jurisdiction" at p. 2.

[7] *Id.* at ECF Doc. No. 1-1. at p. 1.

[8] *Id.*; and ECF Doc. No. 1, §III.C. "Statement of Claim."

4

⁹ ECF Doc. No. 1-1, at pp. 2-3; ECF Doc. No. 1, § V, "Relief."

¹⁰ ECF Doc. No.1, § V, "Relief."

¹¹ ECF Doc. No. 13. We disagree with Mr. Koller's argument we lack subject matter jurisdiction. While Ms. Preston checked off "Diversity of Citizenship" as the basis of jurisdiction, she filled in the basis of federal question jurisdiction as "Discrimination against race, age and religion." Mindful of Ms. Preston's *pro se* status, we construe her complaint as raising claims under federal law.

¹² *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim satisfies the plausibility standard when the facts alleged "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Burtch v. Millberg Factors, Inc.*, 662 F.3d 212, 220-21 (3d Cir. 2011) (citing *Iqbal*, 556 U.S. at 678). While the plausibility standard is not "akin to a 'probability requirement,'" there nevertheless must be more than a "sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Our Court of Appeals requires us to apply a three-step analysis under a 12(b)(6) motion: (1) "it must 'tak[e] note of the elements [the] plaintiff must plead to state a claim;'" (2) "it should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth;'" and, (3) "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (quoting *Iqbal*, 556 U.S. at 675, 679); *see also Burtch*, 662 F.3d at 221; *Malleus v. George*, 641 F.3d 560, 563 (3d. Cir. 2011); *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d. Cir. 2010).

¹³ *Coulston v. Glunt*, 665 F.App'x 128, 130 (3d Cir. 2016) (citations omitted).

¹⁴ *Oran v. Stafford*, 226 F.3d 275, 291 (3d Cir. 2000).

¹⁵ ECF Doc. No. 2.