# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| JOAN P. PRESTON | : | CIVIL ACTION |
| --- | --- | --- |
| | : | |
| | : | NO. 17-820 |
| v. | : | |
| | : | |
| VANGUARD INVESTMENT FIRM, | : | |
| *et al.* | : | |

**KEARNEY, J.**                                                                                           **June 20, 2017**

## MEMORANDUM

Dissatisfied with a November 30, 2015 valid final judgment dismissing her previous claim for race and age discrimination against her former employer, Joan Preston again sues her former employer The Vanguard Group, Inc. ("Vanguard") but now adds the attorneys who represented Vanguard in her earlier discrimination case and adds a religious discrimination claim she plead in her administrative claim but did not plead in her earlier case. Her claims are barred by *res judicata* and, given amendment would be futile, we dismiss Ms. Preston's complaint against Vanguard and its former lawyers.

## I. Background

### A. Ms. Preston's December 22, 2014 Complaint

Ms. Preston first sued her former employer, Vanguard, on December 22, 2014. Ms. Preston alleged Vanguard discriminated and retaliated based on her race and age, violating the Age Discrimination in Employment Act of 1967 ("ADEA"), Title VII of the Civil Rights Act of 1964 ("Title VII"), and the Pennsylvania Human Relations Act ("PHRA").

Ms. Preston admitted previously filing a Charge of Discrimination ("the Charge") with

the Pennsylvania Human Resources Commission, alleging discrimination based on her age, race, and religion.¹ In the Charge, Ms. Preston alleged her manager, Seth Fisher, prohibited Ms. Preston from listening to radio stations "dealing with [her] religion."² Ms. Preston also claimed her co-workers harassed her because of her religion.³ Despite alleging these facts in the Charge, Ms. Preston did not allege religious discrimination in her first Complaint.

On March 24, 2015, Ms. Preston filed an Amended Complaint, again alleging Vanguard discriminated and retaliated based on race and violated Title VII, PHRA, and 42 U.S.C. § 1981 and age discrimination in violation of the ADEA and PHRA.⁴ Ms. Preston again alleged the same facts regarding her Charge. She did not allege a claim for religious discrimination although she argued religious discrimination in the Charge. On November 30, 2015, after granting summary judgment in favor of Vanguard, the Honorable Gerald J. Pappert entered final judgment discussing all claims in the Amended Complaint.⁵

**B. Ms. Preston's February 22, 2017 Complaint**

Rather than filing a timely appeal from Judge Pappert's November 30, 2015 Order, Ms. Preston filed a second action asking this Court to "overturn" Judge Pappert's decision.⁶ In a February 22, 2017 *pro se* complaint, Ms. Preston again alleges age and race discrimination, based on the same facts plead on March 24, 2015.⁷ Unlike earlier, Ms. Preston also adds religious discrimination, alleging her "gospel tracts [and] greeting cards were moved [and] shifted on [her] desk," and she alleges being reprimanded for listening to Christian music on the radio.⁸

Ms. Preston also claims age, race, and religious discrimination against Vanguard's lawyers, Klehr Harrison Harvey Branzburg LLP.⁹ Ms. Preston supports this claim with the same facts alleged against Vanguard.¹⁰

2

## II. Analysis

Vanguard and Klehr Harrison move to dismiss Ms. Preston's complaint under Fed.R.Civ.P. 12(b)(6). Vanguard argues Ms. Preston's claims of age and race discrimination are barred by *res judicata*, and Klehr Harrison argues Ms. Preston fails to state a claim against it. Vanguard makes no arguments regarding Ms. Preston's claim of religious discrimination.

### A. Ms. Preston's race and age discrimination claims against Vanguard are barred by *res judicata*.

"A final judgment on the merits of an action precludes [ ] parties or their privies from relitigating issues that were or could have been raised in that action."[11] Our court of appeals identifies the three elements of claim preclusion: "(1) a final judgment on the merits in a prior suit involving; (2) the same parties or their privities; and (3) a subsequent suit based on the same cause of action."[12] "In deciding whether two suits are based on the same 'cause of action,' we take a broad view, looking to whether there is an essential similarity of the underlying events giving rise to the various legal claims."[13]

Ms. Preston's current complaint against Vanguard alleges essentially similar facts to those in her previous complaint claiming race and age discrimination.[14] Ms. Preston alleges two co-workers harassed her daily, Seth Fisher unsuccessfully raised the issue to Vanguard, Ms. Preston requested video surveillance, and the video surveillance produced no evidence of wrongdoing.[15] These underlying facts mirror those alleged in her March 24, 2015 Amended Complaint and earlier Charge.[16]

Because Ms. Preston's current claims of race and age discrimination are subsequent claims involving the same parties as those of a previous valid final judgment, and because the

3

two suits stem from essentially similar underlying events, we dismiss Ms. Preston's race and age discrimination claims under *res judicata*.[17]

### B. Ms. Preston's claim of religious discrimination is barred by *res judicata* and dismissed, *sua sponte*.

Ms. Preston now claims Vanguard discriminated against her based on her religion. Ms. Preston alleges the same facts to support her religious discrimination claim as those alleged in her Charge.[18] In her Charge, under the subheading "Religious Discrimination," Ms. Preston alleged Vanguard prohibited her from listening to Christian radio stations.[19] Ms. Preston also alleged Vanguard moved and stole items from her work space.[20] In a letter attached to the present complaint, Ms. Preston alleges the same underlying events regarding her music.[21] Ms. Preston also claims Vanguard moved and shifted "gospel tracts" on her desk.[22]

With these same underlying events, Ms. Preston could have raised the issue of religious discrimination in her previous suit as she did in her Charge. Despite swearing in her Charge Vanguard discriminated against her based on her religion, and despite appending the allegations to her First Complaint and the Amended Complaint, Ms. Preston did not raise the religious discrimination claim in her earlier case.

In *King v. E. Lampeter Twp.*, our court of appeals affirmed a *sua sponte* dismissal of a *pro se* complaint as barred by *res judicata* after finding plaintiff could have brought the claims in a previous suit.[23] Our court of appeals instructed a plaintiff is "barred from raising any allegations relating to claims that were or could have been raised" in a previous suit.[24] Because Ms. Preston could have raised religious discrimination in her previous suit, she is now barred under *res judicata* from raising the issue before this Court.

We "may dismiss, *sua sponte*, claims barred by *res judicata* or claim preclusion."[25] In *Moore v. Delaware*, the court, *sua sponte* dismissed a plaintiff's *pro se* claim alleging

4

defendants subjected him to mind control weapons technology.[26] Referring to a previous final judgment against the plaintiff on similar claims, the court dismissed the claim as "frivolous," "devoid of merits," and barred by *res judicata*.[27] Noting the interest of avoiding judicial waste, our court of appeals, in *Atwell v. Metterau*, affirmed a *sua sponte* dismissal because the *pro se* claim "was based on the same cause of action."[28] While Vanguard does not specifically argue against the claim of religious discrimination, under *res judicata*, Ms. Preston may not bring this claim. We dismiss Ms. Preston's claim of religious discrimination.

### C. We dismiss claims against Klehr Harrison.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[29] Ms. Preston fails to plead facts stating a claim for discrimination against Klehr Harrison. Ms. Preston, instead, alleges the same facts as those alleged against Vanguard.[30] Because these facts occurred before her previous lawsuit, accepted as true, they are insufficient to state a claim for discrimination against Klehr Harrison.

While *pro se* litigants face "less stringent standards than formal pleadings drafted by lawyers," they "still must allege sufficient facts in their complaints to support a claim."[31] Ms. Preston alleges no facts plausibly alleging Klehr Harrison – Vanguard's lawyers – discriminated against her in her workplace. We dismiss the claims against Klehr Harrison for failure to state a claim upon which relief can be granted.

### III. Conclusion

We dismiss Ms. Preston's claims against Vanguard and Klehr Harrison under *res judicata* and Federal Rule of Civil Procedure 12(b)(6). As these defects cannot be cured through yet another amendment as a matter of law, Ms. Preston may not file an amended complaint.[32]

5

---

[1] *See Preston v. The Vanguard Group, Inc.*, No. 14-7243, ECF Doc. No. 1. at ¶29.

[2] Charge of Discrimination attached as "Exhibit A" to ECF Doc. No. 1, C.A. No. 14-7243.

[3] *See id.*

[4] *See* Amended Complaint in ECF Doc. No. 9, C.A. No. 14-7243.

[5] *See* Order in ECF Doc. No. 40, C.A. No. 14-7243.

[6] *See* ECF Doc. No. 1, §V. "Relief."

[7] *See id.* at §III.C. "Statement of Claim." Ms. Preston also sued Judge Pappert and her earlier lawyers. We dismissed the claims against Judge Pappert and then granted the motion to dismiss filed by her former lawyer. ECF Doc. Nos. 12, 19.

[8] *See id.*; *see also* Letter attached at "Attachment 1" to ECF Doc. No. 1 at p. 1.

[9] *See* ECF Doc. No. 1, §II.B. "Basis of Jurisdiction" at p. 2.

[10] *See generally* ECF Doc. No. 1; Amended Complaint in ECF Doc. No. 9, C.A. No. 14-7243.

[11] *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981).

[12] *Bd. of Trustees of Trucking Employees of N. Jersey Welfare Fund, Inc. - Pension Fund v. Centra*, 983 F.2d 495, 504 (3d Cir. 1992).

[13] *CoreStates Bank, N.A. v. Huls Am., Inc.*, 176 F.3d 187, 194 (3d Cir. 1999).

[14] *See generally* ECF Doc. No. 1; Letter attached at "Attachment 1" to ECF Doc. No. 1; Amended Complaint in ECF Doc. No. 9, C.A. No. 14-7243.

[15] *See* ECF Doc. No. 1, §III.C. "Statement of Claim."

[16] *See* ECF Doc. No. 1; Amended Complaint in ECF Doc. No. 9, C.A. No. 14-7243; Charge of Discrimination attached as "Exhibit A" to ECF Doc. No. 1, C.A. No. 14-7243.

[17] *See generally Preston v. The Vanguard Group, Inc.*, No. 14-7243 (E.D.Pa. Dec. 22, 2014), ECP Doc. No. 1; ECF Doc. No. 1.

[18] *See* ECF Doc. No. 1, §III.C. "Statement of Claim"; Amended Complaint in ECF Doc. No. 9, C.A. No. 14-7243; Charge of Discrimination attached as "Exhibit A" to ECF Doc. No.1, C.A. No. 14-7243.

[19] *See* Charge of Discrimination attached as "Exhibit A" to ECF Doc. No.1, C.A. No. 14-7243.

[20] *See* Amended Complaint in ECF Doc. No. 9, C.A. No. 14-7243 at ¶35; *see also* Charge of Discrimination attached as "Exhibit A" to ECF Doc. No. 1, C.A. No. 14-7243.

[21] Letter attached at "Attachment 1" to ECF Doc. No. 1 at p. 1.

[22] *See* ECF Doc. No. 1, §III.C. "Statement of Claim."

[23] *See King v. E. Lampeter Twp.*, 69 F. App'x 94, 95 (3d Cir. 2003).

[24] *Id.*

[25] *Moore v. Delaware*, No. 11-549, 2011 WL 2909179, at *2 (D. Del. July 18, 2011) (citing *King v. East Lampeter Twp.*, 69 F. App'x 94 (3d Cir. July 2, 2003) (affirming a *sua sponte* dismissal of a *pro se* complaint under *res judicata* and *collateral estoppel*)).

[26] *Moore*, 2011 WL 2909179 at *1.

[27] *Id.* at *1-2.

[28] *Attwell v. Metterau*, 255 F. App'x 655 (3d. Cir. 2007) (citing *Arizona v. California*, 530 U.S. 392, 412–13 (2000)).

[29] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Although the plausibility standard 'does not impose a probability requirement,' it does require a pleading to show 'more than a sheer possibility that a defendant has acted unlawfully.' A complaint that pleads facts 'merely consistent with a defendant's liability ... stops short of the line between possibility and plausibility of entitlement to relief.'" *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (quoting *Twombly*, 550 U.S. at 556 and *Iqbal*, 556 U.S. at 678).

[30] *See* ECF Doc. No. 1, §III.C. "Statement of Claim."

[31] *Haines v. Kerner*, 404 U.S. 519 (1972); *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

[32] *Estate of Juan Bonilla, Jr. v City of York, et al.*, No. 16-3066, 2017 WL 2438202, *4 (3d Cir. June 6, 2017); *Torruella-Torres v. Fort Dix FCI, et al.,* No. 16-4262, 2017 WL 937454, *1 (3d Cir. March 9, 2017).